UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LINDA E. FLETCHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 7:08-cv-33-AH |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the written consent of the parties to proceed before a United States Magistrate Judge and the District Court's Transfer Order filed on March 19, 2008, in accordance with the provisions of 28 U.S.C. § 636(b), came on to be considered Plaintiff Linda E. Fletcher's action seeking judicial review of Defendant's denial of Plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423. The court finds and orders as follows:

Procedural History: On March 5, 2004, plaintiff Linda E. Fletcher filed an application for disability insurance benefits, claiming disability due to back pain, carpal tunnel syndrome, depression, anxiety, hearing loss, and headaches. (Administrative Record (hereinafter "Tr.") at 20-21, 52-56, 133). Plaintiff alleged a disability onset date of October 10, 2000. (Tr. 18, 52).

The Administrative Law Judge ("ALJ") conducted a hearing on October 5, 2006. (Tr. 298-324), at which Fletcher appeared with her counsel. She testified on her own behalf. The ALJ also received the testimony of Clifton King, Jr., a vocational expert ("VE"). On October 26, 2006, the ALJ denied Plaintiff's request for benefits, finding that she was not disabled because she retained the residual functional capacity ("RFC") to perform her past relevant work. (Tr. 24-

25).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on February 4, 2008, the Appeals Council denied her request. (Tr. at 4). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on March 19, 2008. Defendant filed his answer on June 25, 2008. On September 15, 2008, Plaintiff filed her brief, followed by Defendant's brief on December 15, 2008.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

<u>Discussion</u>:   To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505.  Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520.  Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).  "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis."  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step four, finding that Plaintiff's carpal tunnel syndrome and back pain are severe impairments but that Plaintiff retained the RFC to perform light work and the capacity to perform her past relevant work as a gate guard, informal waitress, and inspector of hand packager plastics (Tr. 20-24).  She therefore denied Plaintiff's request for benefits. (Tr. at 25).

Plaintiff argues substantial evidence does not support the ALJ's finding of "nonseverity" regarding her mental impairment, substantial evidence does not support the ALJ's findings regarding her RFC and ability to perform past relevant work, and the ALJ erred in including "informal waitress" and "gate guard" as past relevant work due to the short duration and limited

3

pay of those positions.  For the reasons discussed below, the court finds the ALJ erred by including "informal waitress" and "gate guard" as past relevant work; however this constituted harmless error, and the remainder of the ALJ's decision is supported by substantial evidence in the record and the proper legal standards were applied in evaluating the evidence.

First, Plaintiff argues substantial evidence does not support the ALJ's finding of "nonseverity" regarding her mental impairment.  An impairment can be considered "not severe" only if it is a slight abnormality having such minimal effect on an individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.  *Stone v. Heckler*, 752 F. 2d 1099 at 1101 (5th Cir., 1095) (internal citations omitted).  See also *Loza v. Apfel*, 219 F.3d 378, 391-92 (5th Cir., 2000) (noting that the circuit continues to apply the definition of "not severe" from *Stone*); SSR 85-28 (S.S.A. 1985) (acknowledging and noting agreement with *Stone*'s definition of "not severe").

After assessing Plaintiff's medically determinable mental impairments, the ALJ found Fletcher's depression and anxiety were not severe.  The ALJ concurred with the finding of Dr. Leela C. Reddy, M.D., a state agency medical consultant ("SAMC"), that the Plaintiff has mild limitations in the activities of daily living, moderate limitations in maintaining social functioning, mild limitations in maintaining concentration, persistence, or pace, and no episodes of decompensation.  (Tr. 24, 186).  The ALJ also concurred with Dr. Reddy's findings that Fletcher could understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in a routine work setting.  (Tr. 24, 172).  The ALJ found Plaintiff takes medications prescribed by a family doctor for her depression and anxiety, but that she has not

4

sought mental health treatment from a mental health professional. (Tr. 24, 188). The ALJ complied with the technique prescribed for evaluating mental impairments described in 20 C.F.R. § 1520a, taking into account the functional areas of activities of daily living, maintaining social functioning, maintaining concentration, persistence, or pace, and episodes of decompensation in reaching her decision. The proper legal standard was applied and her findings are supported by substantial evidence.

Next, Fletcher asserts the ALJ's mental and physical RFC findings, and the finding that she could perform her past relevant work, were not supported by substantial evidence. She contends the ALJ's RFC finding and her hypothetical question to the VE conflict with the opinion of Dr. Reddy, pointing to Dr. Reddy's findings that Plaintiff was "moderately limited" in her abilities to "sustain an ordinary routine without special supervision", "work in coordination with or proximity to others without being distracted by them", and to "get along with coworkers or peers without distracting them or exhibiting behavioral extremes." (Tr. 172-173). These limitations are in checklist fashion under the heading "Sustained Concentration and Persistence" on the Residual Functional Capacity Assessment (the RFCA). *Id.* Later in the RFCA, under the functional limitation paragraph, to wit: "3. Difficulties in Maintaining Concentration, Persistence, or Pace", Dr. Reddy listed the Plaintiff's degree of limitation as "mild". (Tr. 186). Dr. Reddy noted Plaintiff's mood was depressed, but that she interacted appropriately, her memory and concentration were intact, her "insight and judgment [were] fair", that she "gets along well with family- reports no friends- attends church weekly", and that her "alleged limitation [is] not fully supported". (Tr. 188).

Plaintiff contends the report of Dr. Wassel Lewis, a consultative psychiatrist who

examined her on April 30, 2005, provided "little if any support for the ALJ's RFC finding." Dr. Lewis noted Fletcher's affect was restricted and mood seemed depressed. (Tr. 169). Her insight and judgment appeared fair, and psychomotor activity appeared normal. *Id*. His presumptive diagnoses included a "depressive disorder not otherwise specified" and "pain disorder associated with psychological factors and general medical condition chronic". *Id*. Lewis' prognosis was the "patient's prognosis is thought to be fair to guarded." (Tr. 170). Dr. Lewis also gave Fletcher a GAF rating of 50. On the other hand he noted that her chief complaint was hand and back pain, that she had never had her mental health evaluated nor was she under the care of a mental health professional. She denied any delusional thoughts, or any feelings of guilt, worthlessness or hopelessness. She also denied any suicidal feelings. (Tr. 166-67, 169). During the hearing, the ALJ received testimony from the Plaintiff that she previously took Cymbalta and is now taking Effexor for depression, and that she has a prescription for Xanax for a panic disorder. (Tr. 310-311, 314).

     Fletcher contends that under SSR 96-8p, an ALJ must explain why the opinion of a treating doctor was not adopted in the ALJ's RFC assessment if the ALJ's assessment conflicts with that of a medical source. The medical evidence discussed above, as well as the ALJ's statement that she "concurs with the assessments of the State agency medical consultants" (Tr. 24), demonstrates that there was substantial evidence upon which the ALJ based her RFC assessment, and that her assessment did not conflict with the views of Dr. Reddy or Dr. Lewis. The ALJ considered Fletcher's allegations of depression and anxiety, noted she had not sought treatment from a mental health professional for these issues, and that those conditions are treated with medication from her family doctor, and found her depression and anxiety to be non-severe.

(Tr. 20, 24). Her decision does not conflict with the assessments of Dr. Lewis or Dr. Reddy, with which she expressly concurred. (Tr. 24). Since the reports of the two psychiatrists were not identical in format and given the fact that mental evaluations are not purely objective it is not surprising that their findings are not wholly congruent. On the other hand it does not follow that the two reports on which the ALJ relied are contradictory. Moreover, since Dr. Lewis was a consultative examiner rather than a treating physician, his opinion is not accorded controlling weight. 20 C.F.R. § 404.1527(d)(2)-(3). Therefore, in evaluating Plaintiff's mental health, it was within the ALJ's prerogative to determine the weight to be given to the observations and opinions of the two psychiatrists.

Fletcher also contends the ALJ's RFC finding concerning Plaintiff's ability to use her hands is not supported by substantial evidence, and that the ALJ's RFC finding as a whole is not supported by substantial evidence. In determining whether substantial evidence of disability exists, the court weighs four factors: objective medical evidence, diagnoses and opinions, the plaintiff's subjective evidence of pain and disability, and the plaintiff's age, education, and work history. *Perez*, *supra*, 415 F.3d at 462 (citing *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991)). On review of the Social Security Commissioner's decision to deny disability benefits, a finding of no "substantial evidence" to support the decision is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698 (5th Cir. 2001). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez*, 415 F.3d at 461.

In this case, the ALJ considered the objective medical evidence, summarizing that information in her opinion. (Tr. 20-25). From 2004-2005, Plaintiff was seen by several doctors

7

regarding her bilateral carpal tunnel syndrome. *Id*. The ALJ noted among the findings by Dr. Donald H. John, M.D., that Plaintiff "had normal nerve conduction velocity testing, median motor and sensory distal latencies were prolonged bilaterally and she had some relative slowing across the elbows." (Tr. 22). The ALJ referred to Dr. Eid B. Mustafa, M.D.'s physical examination which reported that Plaintiff was in no distress, had slight swelling in her hands, particularly at the basilar joint areas, and proximal forearm and elbow evaluations showed no impressive findings. *Id*. Dr. Marcom E. Herren, D.O., advanced her dose of Neurontin and noted she should continue to wear wrist splints at night. *Id*. During a visit on January 19, 2005, Fletcher's primary care physician, Dr. Diane Heinis, M.D., told her she could not fill out disability forms for Fletcher because "carpal tunnel syndrome is not a reason to go on disability." (Tr. 160).

     The ALJ considered the medical opinions, noting Fletcher "has not had any limitations placed upon her by any of her treating or examining physicians" and that "she ambulates well". (Tr. 24). With regards to Fletcher's age, education, and work experience, the ALJ received testimony from Fletcher at the hearing that she was fifty-five years old; a high school graduate; had been certified as a Licensed Vocational Nurse (LVN), but her certification had since lapsed; and had a work history including work as a licensed vocational nurse and as a packager at an envelope factory. (Tr. 305-306). The ALJ then posed a hypothetical to the VE listing those limitations she found to be supported by the record and received testimony from the VE that a person with Plaintiff's limitations would be capable of performing the past relevant work of inspector of hand packager plastics (Tr. 319-320). Plaintiff bears the burden of proving that she is unable to perform her past relevant work. See *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir.,

2005).  Although the medical records document Plaintiff's complaints of pain, they do not support a finding of pain that is disabling, i.e. constant, unremitting, and wholly unresponsive to therapeutic treatment.

The ALJ also considered Plaintiff's subjective evidence in reaching her determination, which she concluded was not entirely credible.  (Tr. 22).  "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference."  *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir., 2001) (citations omitted).  Moreover, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling."  *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).  In the Fifth Circuit, an ALJ must give reasons for rejecting a claimant's subjective testimony only where the evidence clearly favors the claimant.  *Id*.  The ALJ found the claimant "is able to take care of her own personal needs, shops with assistance, performs some household chores, does some laundry, does drive some, attends church weekly, reads and cares for the house cats."  (Tr. 21).  The ALJ further found she is able to perform routine chores despite not having the recommended carpal tunnel release surgery, and found no evidence that Fletcher "is unable to perform fine and gross movements effectively as required by the musculoskeletal listings."  (Tr. 21).

The ALJ properly considered the medical evidence, Plaintiff's subjective testimony, the testimony of a vocational expert, and the Plaintiff's age, education, and work history in reaching her determination.  (Tr. 20-25).  Her findings are supported by substantial evidence.

Plaintiff also argues that the ALJ erred in including "informal waitress" and "gate guard" as past relevant work due to the short duration and limited pay of those positions.  Plaintiff

9

documents the amount earned in those positions was well below the gross monthly limits for substantial gainful activity. *See* 20 C.F.R. 404.1574(b)(3)(i). During the hearing, the VE testified that Fletcher's past work as inspector, gate guard, and waitress were all classified as "light". (Tr. 25, 320). Since the ALJ correctly identified at least one job, that of "inspector of hand packager plastics", that Plaintiff could perform, any error in including the "waitress" and "gate guard" jobs was harmless. See *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir., 2003), citing *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir., 1988) (applying the harmless error doctrine in the disability benefits context).[1]

For the reasons discussed above, there is substantial evidence supporting the ALJ's decision and the Defendant is entitled to judgment dismissing Plaintiff's complaint with prejudice.

Signed this 2nd day of June, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The case *Hoelck v. Astrue*, 261 Fed.Appx. 683 at 687 (5th Cir., 2008), is an unpublished opinion, but is on point for this situation. The pertinent quote is: "Any error in this regard was harmless because the ALJ correctly identified, at the very least, one job that [Plaintiff] could perform." In *Hoelck*, the ALJ described two jobs the Plaintiff could perform that were not identified by the VE. The Court held this was harmless error, since the ALJ properly identified at least one other job the Plaintiff could perform.